UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TONY BALL,

    Plaintiff,

v.                                           Case No. 3:15cv6/MCR/CJK

COMMUNITY ACTION PROGRAM
COMMITTEE, INC.,

    Defendant.
_____/

REPORT AND RECOMMENDATION

This matter, filed under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e to 2000e-17, is before the court on defendant's motion for summary judgment. (Doc. 38).[1] Defendant argues: (1) plaintiff cannot establish a prima facie case of sex discrimination; (2) defendant had legitimate, non-discriminatory reasons for its employment decisions; and (3) and plaintiff cannot show the proffered reasons were pretext. (Doc. 38). Plaintiff did not respond in opposition. The matter is referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(E). Having fully considered the parties'

---

[1] The references to document and page numbers will be to those automatically generated by the CM/ECF system.

submissions, the record, and the relevant case law, the undersigned recommends the motion for summary judgment be granted.

## BACKGROUND AND PROCEDURAL HISTORY

After he was fired on June 13, 2013, plaintiff Tony Ball filed a complaint on January 6, 2015, alleging one count of sex discrimination against his former employer, defendant Community Action Program Committee, Inc. ("CAPC"). (Doc. 1). Plaintiff posits defendant discriminated against him because of his gender when defendant: (1) tested him for drugs and alcohol; and (2) disciplined and terminated him. (*Id.*). On February 12, 2015, discovery commenced. (Doc. 7). Defendant filed an answer denying all allegations of discrimination on February 18, 2015. (Doc. 8). After discovery ended on February 29, 2016, (doc. 34), defendant moved for summary judgment, asserting its actions cannot give rise to any recovery by plaintiff. (Doc. 38). Having been advised by the court of the relevant legal standard and the consequences of failing to respond to a motion for summary judgment, plaintiff failed to respond to defendant's motion. (Doc. 39).

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he plain language of Rule 56(a) mandates the entry of summary judgment, after adequate time for discovery upon motion,

against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986). An issue of fact is "material" if it might affect the outcome of the case under the governing law, and it is "genuine" if the record taken as a whole could lead a rational fact finder to find for the non-moving party. *Id.* Summary judgment is not appropriate "if a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact." *Jeffery v. Sarasota White Sox, Inc.,* 64 F.3d 590, 594 (11th Cir. 1995). Generally, a court must view the facts in the light most favorable to the non-moving party (here, plaintiff) and draw all reasonable inferences in favor of that party. *Mann v. Taser Int'l, Inc.,* 588 F.3d 1291, 1303 (11th Cir. 2009). Even so, "the nonmoving party cannot create a genuine issue of material fact through speculation, conjecture, or evidence that is 'merely colorable' or 'not significantly probative.'" *Vega v. Invesco Group, Ltd.,* 432 F. App'x 867, 869-709 (11th Cir. 2011).

The court must examine the sufficiency of a motion for summary judgment, even when the opposing party fails to respond to the motion. The court need not, however, *sua sponte* review all of the evidentiary materials on file at the time the motion is granted so long as the court ensures the motion itself is supported by evidentiary materials. *See United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida,* 363 F. 3d 1099, 1101 (11th Cir. 2004) ("[T]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion.").

## FACTS

Defendant, a Florida nonprofit corporation, employed plaintiff as a preschool teacher from August 2003 through June 2013.[2] (Doc. 38-4, p. 1-2, ¶¶ 3-6). Plaintiff's first noted infraction occurred when he failed to inform his supervisor he would not be coming to work on October 11, 2011. As discipline for the unannounced absence, defendant issued plaintiff a reprimand. (Doc. 38-4, p. 3, ¶ 10). On January 12, 2012, plaintiff failed to ride the bus with the children or communicate to his supervisor that he would not be reporting to work as scheduled. (Doc 38-4, p. 3, ¶ 11; doc. 38-6, p. 5). As a result, defendant suspended plaintiff for

---

[2] In the complaint, plaintiff claims he "was the only male teacher for the Defendant in the county." (Doc. 1, p. 2).

Case No. 3:15cv6/MCR/CJK

two days without pay.  (Doc 38-4, p. 3, ¶ 11).  On September 17, 2012, plaintiff again neglected to inform his supervisor he would not be at work as scheduled and defendant issued plaintiff a written reprimand.  (Doc. 38-4, p. 3, ¶ 12).  On February 27, 2013, plaintiff failed to notify his supervisor he would not make it to work as scheduled and defendant again suspended plaintiff for two days without pay.  (Doc. 38-4, p. 3, ¶ 13).  Plaintiff then failed to report to work as scheduled for a fifth time on May 10, 2013, and, as a result, defendant suspended him without pay pending the next meeting of the Policy Council to determine the status of his continued employment.  (Doc. 38-4, p.3, ¶ 14).

The Policy Council met on June 13, 2013, and terminated plaintiff's employment based on repeated failure to abide by the rules of attendance.  (Doc. 38-4, p. 3-4, ¶ 15).  The defendant's disciplinary decisions were made in accordance with its Personnel Policy and Procedures Manual.  (Doc. 38-4, p. 3-4, ¶¶ 14, 15).

During his employment, plaintiff's mouth was swabbed on one occasion for an alcohol test.  (Doc. 38-6, p. 12-14).  Plaintiff was also subjected to at least one urine drug screen.  (Doc. 38-6, p. 13).  Defendant's policy requires random drug testing on a quarterly basis.  (Doc. 38-4, p. 20).  Fifty percent of defendant's employees are randomly drug tested during each calendar year.  (*Id.*).

## DISCUSSION

Defendant urges plaintiff cannot establish a prima facie case of sex discrimination and, even if a prima facie case is assumed, plaintiff cannot show defendant's reasons for disciplining, terminating, and testing plaintiff for drugs and alcohol were pretext for discrimination. (Doc. 38-2). A claimant may establish sex discrimination under Title VII through direct or circumstantial evidence, and when such a claim is based on circumstantial evidence, the court analyzes the allocation of burdens and the presentation of proof under the framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). Under *McDonnell Douglas*, the plaintiff carries the initial burden of establishing a prima facie case of discrimination. *Id.* at 802. To establish a prima facie case, plaintiff must show: (1) he is a member of a protected class; (2) he is qualified for the position; (3) there was adverse action against him; and (4) he was treated less favorably than a similarly situated person outside of the protected class. *Burke-Fowler v. Orange Cty.,* 447 F.3d 1319, 1323 (11th Cir. 2006). If the plaintiff establishes a prima facie case, the burden shifts to the defendant to produce a legitimate, non-discriminatory reason for the adverse employment decision. *McDonnell Douglas*, 411 U.S. at 802. If the defendant then proffers a legitimate reason for the adverse employment action, the presumption against the defendant is

rebutted, and the plaintiff must come forward with evidence that the reasons are mere pretext. *Id.*

As to drug testing, defendant claims plaintiff cannot establish a prima facie case because (1) defendant's drug and alcohol testing is not an adverse employment action; and (2) plaintiff cannot show any similarly situated female endured different testing. Based on these arguments, defendant claims plaintiff cannot establish the third and fourth elements of a prima facie case.

Only employment actions resulting in "a serious and material change in the terms, conditions, or privileges of employment" qualify as adverse. *Howard v. Walgreen Co.*, 605 F.3d 1239, 1245 (11th Cir. 2010). The only record evidence shows the defendant's drug and alcohol testing policy is designed to provide a safe learning environment for the children plaintiff educated. (Doc. 38-4, p. 14). Although drug testing can qualify as an adverse employment action if used to harass or humiliate an employee, *Stockett v. Muncie Ind. Transit Sys.*, 221 F.3d 997, 1001-02 (7th Cir. 2000), plaintiff has not shown the defendant's drug and alcohol tests were the type of non-routine harassing act that constitute an adverse employment action.

Even assuming plaintiff could establish the testing qualified as an adverse employment action, he cannot demonstrate he was treated less favorably than defendant's female employees. Plaintiff does not dispute the defendant's drug and

alcohol testing policy was applied equally to *all* employees during his employment. (Doc. 38-4, p. 4, ¶ 19; doc. 38-6, p. 13-14). Because plaintiff failed to show he was tested for drugs and alcohol more frequently or in a different manner from any female employee, he cannot establish a prima facie case of discrimination.

Plaintiff next alleges defendant discriminated against him based on sex when defendant disciplined and terminated him. Defendant concedes the discipline and termination of plaintiff were adverse employment actions. Plaintiff, however, cannot show the fourth element of a prima facie case as to discipline and termination because he fails to present evidence of even a single female teacher who performed the same misconduct, as measured by quantity and quality, and was treated more favorably than him. (Doc. 38-6, p. 12, lines 8-23); *see Stevens v. City of Forest Park,* 635 F. App'x 690, 700 (11th Cir. 2015)  (Plaintiff must show a comparator, whose conduct was nearly identical to claimant's in quantity and quality, was disciplined differently to establish the fourth element of a prima facie case of discrimination.).

Plaintiff has no personal knowledge as to how or why female teachers were disciplined.  (Doc. 38-6, p. 12, lines 8-23).  Plaintiff provides no witnesses or evidence to support his claim of discrimination; he merely speculates that female teachers must have been treated more favorably than him because he was the only male teacher.  (Doc. 38-6, p. 15, lines 13-19; p. 16, lines 18-25; p. 17, lines 1-2). But, as defendant correctly points out, "mere conclusions and unsupported factual

allegations are legally insufficient to defeat a summary judgment motion." *Word v. AT&T,* 576 F. App'x 908, 912 (11th Cir. 2014).  Because plaintiff has not identified any female employee with comparable misconduct who was treated more favorably than him, he cannot establish a prima facie case and his discrimination claim fails.

Finally, even assuming plaintiff established a prima facie case of sex discrimination, he cannot show defendant's non-discriminatory reasons for its actions were pretext.  To show pretext, plaintiff must not only show the defendant's reasons were false, but also that discrimination was the real reason for the adverse employment action.  *Stevens*, 635 F. App'x at 697.  Defendant, however, administered the drug and alcohol testing consistent with its written policy, and defendant disciplined and fired plaintiff because he repeatedly failed to comply with the attendance policy.  (Doc. 38-4, p. 3-4).  In his deposition, plaintiff candidly admitted he did not know the reasons defendant terminated him.  (Doc. 38-6, p. 11).  Because plaintiff fails to proffer evidence showing the defendant's reasons are false and that discrimination was the real motivation for the employment decisions, he cannot prevail.

## CONCLUSION

Applying the correct standard, the undisputed evidence establishes defendant did not discriminate against plaintiff on the basis of sex.  Plaintiff has failed to establish a prima facie case of sex discrimination and failed to rebut defendant's

Case No. 3:15cv6/MCR/CJK

proffered reasons for drug testing, disciplining, and terminating him. Summary judgment in defendant's favor, therefore, is appropriate on plaintiff's discrimination claim.

Accordingly, it is respectfully RECOMMENDED:

1. That defendant's motion for summary judgment (doc. 38) be GRANTED.

2. That the clerk be directed to enter judgment in favor of defendant and against plaintiff and close the file.

At Pensacola, Florida, this 18th day of July, 2016.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.